MAINWARING v. THE BARK CARRIE DELAP, etc.

(*District Court, S. D. New York.    April 2, 1880.*)

DISTRICT COURT—NEW TRIAL.—Motion for new trial denied, under the circumstances of this case, in view of the fact that the parties are entitled, upon appeal, to a new trial in the circuit court.

In Admiralty.    Motion for new trial.

*A. J. Heath,* for motion.

*E. G. Bell,* opposed.

CHOATE, J.    This case has been tried and determined in favor of the libellant, but before entry of an interlocutory decree the claimants move for a rehearing on the ground of newly discovered evidence, and also on account of a part of the testimony being, as is suggested, overlooked.

1. The alleged newly discovered evidence is expert evidence in corroboration of testimony given on the trial that fumes from bleaching powders, loose in the hold, are as likely to injure cargo remote from the bleaching powders as that in its immediate vicinity; also that cargo was injured by the fumes on this

voyage which was on the permanent deck, especially the salt; also that the bales of bags were of such size that they could not all have been stowed on the permanent deck; and that, with reference to the trim of the ship, it was necessary to stow a part of them as they were stowed with reference to the bleaching powders. Most of this evidence is not of a character properly called newly discovered, since it was plainly discovered by the claimants before the trial.

But the motion must be denied, because the case has been carefully tried in this court, at great expense to the parties, and if it should now be heard over again the claimants will have no greater benefit from this further testimony than they will have on a trial in the circuit court on appeal, to which they are entitled as matter of right; and after a rehearing here the decision would not be final. No doubt one of the reasons for giving a new trial in the circuit court is to give the parties an opportunity to produce, upon a second trial, any evidence which was overlooked upon the first trial, or, in other ways, to strengthen their case. If the decision on the facts in this court were final, there would be some ground for this application; but, with the right of the claimants on appeal to supply all the deficiencies that they may have discovered from the experience of the trial in this court, it would be most unreasonable to subject the libellant to the further delay and expense of a new trial here, which may not be final.

2. The testimony referred to, as having possiby been overlooked by the court, was not overlooked. It was carefully considered. It is the testimony of William McRae, the chief officer of the bark, that the storage of the cargo as it was stowed had reference to the trim of the ship. One point determined by the court was that as it appeared that the bales of bags injured sustained that injury from their stowage with reference to the bleaching powders, and as it also appeared that if stowed further away they would not have been injured, it was incumbent on the ship to show that the proper trim of the ship made it necessary to stow them in this dangerous

proximity to the bleaching powders; and the court observed, "There is no testimony on the subject."

The testimony of the chief officer was simply that the stowage, as it was, had reference to the trim. This was doubtless true. The stowage of every ship must have reference to the trim of the ship, but upon the particular question as to whether, safely to the ship and the rest of the cargo, a different mode of stowage could have been adopted which would have been, in this respect, safer for the bags, neither he nor any other witness gave any testimony.

For these reasons the motion must be denied.